**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

THOMAS B.,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
___________________________________ /

Case No. 25-cv-12251

Hon Brandy R. McMillion
United States District Judge

Hon. Curtis Ivy, Jr.
United States Magistrate Judge

**OPINION AND ORDER ADOPTING THE RECOMMENDED DISPOSITION OF REPORT AND RECOMMENDATION (ECF NO. 17); OVERRULING PLAINTIFF'S OBJECTIONS (ECF NO. 18); GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 15), DENYING PLAINTIFF'S MOTION TO REMAND (ECF NO. 10); AND AFFIRMING THE ADMINISTRATIVE DECISION**

On September 28, 2022, Plaintiff Thomas B. applied for disability insurance benefits and supplemental security income benefits under the Social Security Act. *See* ECF No. 7-1, PageID.42. The applications were denied at the initial administrative level on April 26, 2023, and upon reconsideration on October 25, 2023. *See id.* at PageID.94-123. Following the denial of his applications, Thomas B. requested and received a hearing before an Administrative Law Judge ("ALJ"). *See id.* at PageID.58, 147. That hearing was held on May 14, 2024. *Id.* The ALJ issued a written decision denying Thomas B's applications for benefits; and the

Appeals Council denied Plaintiff's request for further review on May 21, 2025. *See id.* at PageID.24-26, 42-51.

On July 23, 2025, Thomas B., through counsel, filed this action seeking judicial review of the ALJ's decision. *See* ECF No. 1. Thomas B filed a motion to remand the case back to the Commissioner. ECF No. 10. In his motion for remand, Thomas B argued that the ALJ erred in (i) failing to address Plaintiff's mental impairment, and (ii) providing a residual functional capacity ("RFC") that was unsupported by substantial evidence. *Id.* at PageID.1962. The Commissioner thereafter filed a motion for summary judgment seeking affirmance of the administrative decision. *See* ECF No. 15.

The assigned Magistrate Judge, Curtis Ivy, Jr., issued a Report and Recommendation ("R&R") on August 20, 2026. ECF No. 17. In the R&R, the Magistrate Judge recommended granting the Commissioner's Motion for Summary Judgment and denying Plaintiff's Motion to Remand. *Id.* at PageID.2014. Thomas B. filed a timely objection to the R&R on September 3, 2026. ECF No. 18.

Having reviewed the record and considered Plaintiff's Objections *de novo*, the Court concludes that Thomas B. raises no argument warranting disagreement with the Magistrate Judge's recommendation. Accordingly, the Court will **ACCEPT AND ADOPT** the recommended disposition of the R&R (ECF No. 17), **OVERRULE** Plaintiff's Objections (ECF No. 18), **GRANT** the Defendant's

Motion for Summary Judgment (ECF No. 15), **DENY** Plaintiff's Motion to Remand (ECF No. 10) and **AFFIRM** the administrative decision.

**I.**

Thomas B. worked as a meat butcher, cement mason helper, and meat cutter prior to the onset of his alleged disability. *See* ECF No. 7-1, PageID.49. He claims a protracted history of significant joint pain, swelling in the hands, knees, and hips, carpal tunnel syndrome, shortness of breath, weakness and numbness in the upper extremities, fatigue, residuals of a heart attack (including frequent falling injuries from near syncope), insomnia, dermatological conditions resulting in factitious disorders, anxiety and depression. *See id.* at PageID.47, 720-728. At the age of 50, in September 2022, he petitioned for Social Security disability and supplemental income benefits. *See* ECF No. 7-1, PageID.49.

Thomas B.'s application was denied at the initial level in April 2023. ECF No. 1, PageID.3. In October 2023, he was denied reconsideration. *Id.* He then appealed to the ALJ, testified alongside a vocational expert at a hearing, and was again denied benefits by the ALJ. *Id.* The ALJ found that notwithstanding his impairments, Thomas B. "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and thus denied his claim at "Step 5" of the disability determination analysis. ECF No. 7-1, PageID.50; *see also Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7

(E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520) (detailing the five-step sequential analysis for disability determinations). Thomas B. then sought review of the ALJ's decision by the Appeals Council, which was denied, because the Council found the submitted challenges to the decision did not provide a basis for changing the ALJ's decision and there was no reason to review under the rules. *See* ECF No. 7-1, PageID.24.

That brought the matter before this Court in July 2025. ECF No. 1. After Plaintiff's motion to remand (ECF No. 10) and Defendant's motion for summary judgment (ECF No. 15), Magistrate Judge Curtis Ivy, Jr. recommends upholding the Social Security Administration's denial of benefits (ECF No. 17). Thomas B. filed objections (ECF No. 18), to which the Commissioner did not respond.

**II.**

Pursuant to Federal Rule of Civil Procedure 72(b), if a party objects to a Magistrate Judge's report and recommendation, the District Judge, in conducting a *de novo* review, can "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Objections must be stated with specificity, and there is no obligation to review issues to which no one objects. *Thomas v. Arn*, 474 U.S. 140, 150-151 (1985).

In conducting *de novo* review in this case, the Court must affirm a finding by the ALJ if it is both supported by substantial evidence and complies with the procedural rules governing disability determinations. *See Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011); *see also* 42 U.S.C. § 405(g). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Alexander R. v. Commissioner of Soc. Sec.*, No. 24-12318, 2025 WL 2398636, at *1 (E.D. Mich. July 31, 2025), *report and recommendation adopted*, No. 24-12318, 2025 WL 2394872, at *1 (E.D. Mich. Aug. 18, 2025).

**III.**

Plaintiff raises four objections that rely on essentially the same premise: there is not enough evidence to support the Commissioner's denial of benefits. Magistrate Judge Ivy considered these arguments at length, and the Court concurs with his analysis. *See* ECF No. 17, PageID.2020-2030. The Court is unpersuaded by Plaintiff's objections, and for the reasons herein, they will be overruled.

As an initial matter, the Court must address a general argument that Plaintiff raises throughout his objections. In several instances, Plaintiff asserts that certain phrases, words, or cases appear in the briefing but not the R&R or appear in the R&R but not in the parties' briefing. *See e.g.*, ECF No. 18, PageID.2033-2034 (The phrase 'step two' appears nine times in the Report and not once in either party's brief" . . . "The Report's principal record citation on this issue, PageID.970, likewise appears

nowhere in the Commissioner's brief"); PageID.2035 ("The words 'manipulative,' 'handling,' and 'fingering' appear nowhere in [the R&R] and SSR 95-8p is never cited"); PageID.2042 ("The words 'depression,' 'anxiety,' 'factitious,' 'delusions,' and 'parasitosis' appear nowhere in the ALJ's decision"). These are but a few examples of how Plaintiff attempts to argue that the R&R should be reversed. However, to be clear, there are no magic words that are required in order for the Magistrate Judge to assess the ALJ decision. The same holds true for the ALJ's decision with respect to the underlying medical records. Plaintiff all but concedes this point when he states, "Plaintiff does not suggest that there is anything improper about independent analysis by a magistrate judge. The Report reviews the ALJ's decision, not merely the Commissioner's defense of it." *See id.* at PageID.2034. So as long as the Court is properly determining whether there was substantial evidence in the record to support the ALJ's findings of fact and whether the ALJ applied the correct legal standards, as contemplated by Section 205(g) of the Social Security Act, there is nothing improper. *See* 42 U.S.C. § 405(g); *Zarlengo v. Barnhart*, 96 Fed. Appx. 987, 989 (2004). Here, the Court finds that both the Magistrate Judge and the ALJ did just that.

**<u>Objection #1</u>**

Moving to the merits of Plaintiff's objections. First, he asserts that the R&R does not address the ALJ's failure to explain rejection of the state agency's

manipulation limitations. ECF No. 18, PageID.2035. He focuses on the ALJ's adoption of a limitation to frequent *fine* manipulation that does not include *gross*-handling and non-repetitive use as determined by the state agency. *Id.* The problem with this analysis is that it presupposes that the ALJ did not consider the state agency's limitation. Plaintiff relies on SSR 96-8p to argue that a narrative discussion describing how the evidence supports the conclusion is required. ECF No. 18, PageID.2035. While true, the ALJ did describe his findings – and Plaintiff does not dispute that with respect to the *fine* manipulation finding. He only argues that there is nothing with respect to *gross* manipulation. The Court finds that the cited case law supports the proposition that the ALJ is not required to account for every single limitation that may appear in the record. *See Kondrashov v. Comm'r of Soc. Sec.*, No. 16-CV-14044, 2018 WL 1146875, at *5 (E.D. Mich. Feb. 12, 2018), *report and recommendation adopted*, No. 16-14044, 2018 WL 1141802 (E.D. Mich. Mar. 2, 2018) ("it is well settled that '[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party") (internal citation omitted).

Further, failure to include discussion of the *gross* handling could very well signify that the ALJ considered it, found it inconsistent or unsupported and that is why it was not included. *See Kondrashov*, 2018 WL 1146875 at *5 ("Here, the ALJ clearly found the extreme degree of limitation assessed by Dr. Murray to be

incredible and inconsistent with the record evidence. And it is evident that the ALJ did not adopt this portion of Dr. Murray's opinion because he did not include it in Plaintiff's RFC.") It is not the role of the Court to second guess the determination of the ALJ's decision when there is evidence in the record to support the finding, even if Plaintiff can point to evidence that supports the opposite conclusion. *Id.* To do so would exceed the authority granted to this Court. That Plaintiff does not like the conclusion reached or believes that the opposite conclusion is also supported, does not signal that the ALJ didn't follow the rules and regulations. Therefore, this objection is overruled.

**<u>Objection #2</u>**

Second, Plaintiff objects to the R&R's finding that the ALJ gave his mental impairment evidence careful consideration. ECF No. 18, PageID.2040. This objection follows from Plaintiff's argument that the RFC is unsupported. The Court finds otherwise. The ALJ specifically evaluated Plaintiff's mental impairment. His findings, based on "careful consideration" of "all the evidence," "the entire record," and after giving Plaintiff "additional time after the hearing to submit outstanding medical evidence" that was considered, the ALJ reached the determination that "there [was] insufficient objective medical evidence in the record to establish that the claimant has a medically determinable mental impairment." *See* ECF No. 7-1, PageID.42, 45.

The ALJ further explained that he considered "the medical opinions and prior administrative medical findings." *Id.* at PageID.46. While he notes that "he did not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical findings or medical opinions, including those from a claimant's own medical sources . . . [he] fully considered the medical opinions and prior administrative medical findings in this case" to make his determination. *Id.* at PageID.48. Again, he is not required to discuss the matter in detail, using whatever specific words Plaintiff would prefer. As long as the ALJ considers the non-severe mental health impairments, in reaching his RFC conclusion, his decision should be affirmed. 20 C.F.R. §§ 404.1545, 416.945; *Singleton v. Commissioner of Social Sec.*, 137 F.Supp.3d 1028 (2015). Objection overruled.

**Objection #3**

From what the Court can best discern, Plaintiff further objects to the Magistrate Judge's deference to the ALJ because he argues the administrative determination lacked any RFC discussion and the cited authority does not support deference. ECF No. 18, PageID.2045. That is simply not the case. Plaintiff takes issue with the Magistrate Judge's statement that "the absence of sufficient objective medical evidence makes credibility a particularly relevant issue, and in such circumstances the court will generally defer to the Commissioner's assessment when it is supported by an adequate basis." *Id.* He argues that the Magistrate Judge's cited

authority, *Blancha v Secretary of Health and Hum, Servs.*, 927 F.2d 228, 231 (6th Cir. 1990), does not state that proposition and instead holds "[w][ithout detailed corroborating medical evidence, this court will generally defer to the ALJ's assessment." ECF No. 18, PageID.2045. He reads the Magistrate Judge's use of the term "particularly relevant" to impose a heightened deference standard. *Id.* The Court disagrees. Nothing in the R&R suggests that there is any more deference given to the ALJ than that required by law.

Plaintiff further argues that to the extent the R&R's formulation about the amount of deference given rest on credibility, it should be based on SSR 16-3p which eliminated "credibility" from the agency's sub-regulatory policy and "provides that an adjudicator will not disregard a claimant's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." ECF No. 18, PageID.2046. But again, Plaintiff points out that the ALJ himself invoked SSR16-3p, so he properly afforded the deference allowed by the rules. Consequently, this objection is overruled.

**<u>Objection #4</u>**

Finally, Plaintiff objects to several factual premises of the R&R, arguing they are contradicted by the record or do not support the conclusions drawn. ECF No. 18, PageID.2047. The Court will address each in turn.

*(i) no medical evidence has been presented suggesting that Plaintiff's medical conditions can reasonably be expected to produce the alleged disability*

Plaintiff argues that this finding misstates the standard and is unsupported. Plaintiff focuses on Section 404.1529(b) to argue that a claimant's impairments could reasonably be expected to produce the *symptoms*; not the *disability* itself, which is a legal conclusion reserved for the Commissioner. *Id.* at PageID.2048. The Court does not dispute that is what the R&R states, but the opinion goes on to discuss Plaintiff's symptoms. A difference in semantics is not a proper basis to reverse the finding of the Magistrate Judge.

*(ii) The treating dermatologist found Plaintiff's skin condition to be well-controlled with topical medication*

Plaintiff takes issue with this fact because he argues that he relies on the dermatological medical records as evidence of his mental dysfunction, not as a disabling dermatologic impairment. *Id.* at PageID.2049. Even so, that does not make this statement false or contradicted by the record; and even to the extent that the record supports an alternate finding, by Plaintiff's own admission it is immaterial to the assessment of his disability. *Compare* ECF No. 7-1, PageID.642 ("He had a similar rash about 3 months ago. It cleared up after topical steroids.") with PageID.725 ("He has been applying topical triamcinolone and mupirocin without relief.").

*(iii) There is also no medical evidence of Plaintiff's depression and general anxiety disorder where it was not well-controlled with medication*

Plaintiff states that the referenced citation (PageID.970) diagnoses the opposite. ECF No. 18, PageID.2050. The Court agrees. But that mistake does not alter the analysis of the ALJ or the findings of this Court with respect to the ALJ's determination.

*(iv) Plaintiff has identified no evidence that his mental health difficulties, separate and apart from other impairments recognized by the ALJ, limits his functioning in any way*

Plaintiff relies on medical records from Dr. Novak that discuss Plaintiff's "distractible concentration" which he argues bears on his "ability to concentrate, persist, or maintain pace." *Id.* at PageID.2051. Again, those records were available to the ALJ and as noted in the decision considered, as discussed above. Therefore, the fact that the Magistrate Judge doesn't credit them has no bearing on the ALJ's consideration of them in making his RFC determination.

*(v) During the relevant period, Plaintiff sought no treatment from a mental health professional*

Plaintiff argues that the absence of specialist treatment does not answer the question presented. *Id.* at PageID.2051. He does not dispute this as true. Rather chooses to focus on receiving care from his primary care provider – but he notes that the Commissioner acknowledge that treatment. *Id.* This negates his own argument that the Commissioner did not consider his mental impairment. Plaintiff can't have

it both ways – on one hand argue that the RFC determination did not carefully consider his mental impairment evidence, and then argue that the Commissioner considered the records of the sole provider managing the mental health care. *Compare* PageID.2040 *with* PageID.2052.

For these reasons, Objection #4 is also overruled.

**IV.**

Accordingly, the Court finds that the Magistrate Judge rightfully affirmed the decision of the ALJ. This Court separately finds that the Commissioner considered Plaintiff's mental impairment and his determination was supported by substantial evidence. Therefore, Plaintiff's Objections (ECF No. 18) are **OVERRULED**. This Court will **ACCEPT AND ADOPT** the recommended disposition of the Magistrate Judge's Report and Recommendation (ECF No. 17). Consequently, Defendant's Motion for Summary Judgment (ECF No. 15) is **GRANTED**, and Plaintiff's Motion to Remand (ECF No. 10) is **DENIED**. The ALJ's decision is **AFFIRMED** under sentence four of 42 U.S.C. § 405(g).

***This is the Final Order that closes the case.***

**IT IS SO ORDERED.**

Dated: September 30, 2026
Detroit, Michigan

s/Brandy R. McMillion
HON. BRANDY R. MCMILLION
United States District Judge